**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CIVIL NO:**

| | | |
|---|---|---|
| JAMES KLAUSNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| J.C. CHRISTENSEN & ASSOCIATES, INC. | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

1.      This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.      Defendant conducts business in the state of Minnesota, therefore personal jurisdiction is established.

4.      Venue in the United States District Court is proper under 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**PARTIES**

6.      Plaintiff is a natural person residing in Turnersville, Gloucester County, New Jersey.

7.      Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

8.      Defendant is collection agency with its principal place of business at 200 E. 14th Avenue, Sartell, Minnesota 56377.

9.      Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     At all times relevant to this Complaint, Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers in the District of Minnesota.

## FACTUAL ALLEGATIONS

11.     Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt that Plaintiff does not owe (see the transcribed voicemail messages attached as Exhibit A).

12.     Defendant fails to identify itself as a debt collector in subsequent communications (see Exhibit A).

13.     Defendant did not send Plaintiff a debt notice letter.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

14.     Defendant's violations of the FDCPA include, but are not limited to, the following:

    a)  Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

b)  Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

c)  Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d)  Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

e)  Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt because Plaintiff does not owe the debt.

f)  Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt.

g)  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

h)  Defendant violated *§1692f(1)* of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff does not owe the debt.

i)  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the

notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15.     Plaintiff is entitled to his attorneys' fees and costs incurred in this action.

16.     This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

b. Actual damages

c. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k

d. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

e. Awarding such other and further relief as may be just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend.

7.  Fed.R.Civ.Pro. 38.

**KROHN & MOSS, LTD**

Dated: November 16, 2009

By: s/ Lee Cassie Yates
    Lee Cassie Yates - # 352688
    120 West Madison Street, 10th Floor
    Chicago, Illinois 60602
    Telephone: (312) 578-9428

*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW JERSEY       )
                               ) ss.
COUNTY OF GLOUCESTER   )

Plaintiff, JAMES KLAUSNER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

11-5-2009

JAMES KLAUSNER

-6-